SILAS H. HODGES *v.* MOSES STRONG.

The identity of the subject matter of a deed is rather *in pais* and may be shown by parol. The *construction* of a deed, and its legal effect and obligation, are questions of law.

THIS was an action of debt, originally brought against the defendant and one Rodney C. Royce, since deceased, on a bond given by them to the plaintiff, in the penal sum of four thousand dollars, dated July, 9, 1832. The defendants prayed oyer of the bond and the condition thereof, which condition is as follows ;—

" The condition of the above obligation is such, that, " whereas the said Rodney C. and Silas H. have heretofore " been in the practice of law in co-partnership under differ- " ent articles ; now if the said Rodney C. shall well and truly " pay all the debts contracted by the said Rodney C. and " Silas H. or either of them, jointly or severally, in the pur- " chase of books, borrowing of money, or any otherwise in " the prosecution of their business, and shall indemnify and " save harmless the said Silas H. from and against said debts " and all other responsibilities and claims incurred by them, " or either of them, by becoming bail in suits, by negligence " in the collection of demands, or by any other means in the " course of the business they have transacted, and in the " management of that which remains on hand, then this " bond to be void otherwise of force."

The defendants pleaded *non damnificatus.*

The plaintiff replied that at the time of the making of said bond, a promissory note, before that time executed by the said Rodney C. and Silas H.in the prosecution of their copartnership business to one William Page for $485, dated Nov. 19, 1827, payable in one year from date, with interest, was outstanding and unpaid ; that said Rodney C. had neglected and refused to pay said note, and thàt Silas H. afterwards to wit, on the 14th day of August 1835, at Rutland was compelled to, and did confess judgment on said note, before Solomon Foot, a justice of the peace in and for the county of Rutland, in favor of said Page for $569,13 damages and 59 cents cost, and afterwards, to wit, on the 22d day of August 1835, the said Silas H. was forced to and did pay to the said Page the

Rutland,
January,
1838.

Hodges
v.
Strong.

amount of said judgment, whereby the said Silas H. had been damnified.

The plaintiffs rejoined, traversing the allegation of the plaintiff in his replication, that said note was given by said Rodney C. and Silas H. to the said Page in the prosecution of their co-partnership business, and issue was joined to the court.

Upon the trial in the county court, the plaintiff proved that, on the 20th day of Nov. 1827, the plaintiff and Rodney C. Royce entered into co-partnership as attorneys, by articles of agreement of that date and continued said co-partnership until the—day of — 18—, when the same was dissolved, and offered evidence which proved the following facts, viz; that a day or two before the date of the said articles of co-partner-ship, and also before the date of said promissory note, the said Rodney C. and Silas H. concluded to form a co-part-nership, as attorneys in the practice of law, and purchased a library of law books, for which said note was given, which books were owned and used by them in their co-partnership business until the dissolution of said co-partnership, and were afterwards owned and used by the said Rodney C. during his lifetime, and that the plaintiff had paid on the judgment in favor of said Page against him, the sum of $486,67. To the admission of the evidence showing the consideration of said note, and the circumstances under which the books were purchased by the plaintiff and said Royce, and that they were used by them during the continuance of said partner-ship and afterwards by said Royce, the defendant objected, but the court overruled the objection and admitted the evidence.

The defendants insisted that the said debt to said Page was not contracted in the prosecution of said co-partnership business, under said articles of co-partnership, within the meaning and intent of said bond, and that the obligors were not, by the condition of said bond, responsible for debts contracted by the individuals composing the partnership. But the court decided otherwise and rendered a judgment for the plaintiff, to which decision the defendant excepted.

*M. M. Strong,* and *E. A. Ormsbee,* for defendant.

In this case, the liability resting upon the defendant arises solely from his bond. By an examination of the bond, it will

be perceived, that the liabilities incurred under the bond are large, and, to a certain extent, indefinite, but these liabilities cannot be extended by construction or by parol.

As against a surety, this bond must receive a strict construction.   2 T. R. 360.

The most that can be said of the debt in question is, that it was a debt contracted in contemplation of a partnership. The condition of the bond embraces not only joint but several debts, contracted by either individual composing the firm. If by construction or by parol the condition of the bond may be so extended as to take in a joint debt, it may also take in a several debt, contracted in contemplation of a partnership.

*Phinehas Smith,* for plaintiff.

The fact that Royce & Hodges contracted the debt with Page, before the date of the articles of partnership, is of no consequence.   The bond is not limited to debts incurred after the date of the articles.   It covers all debts contracted in the purchase of books, or otherwise, in the prosecution of their business.   The case shows this debt was so contracted, and it comes clearly within the scope and meaning of the bond.

The opinion of the Court was delivered by

COLLAMER, J.—The plaintiff claims to recover certain money, by him paid on a note to Page, signed by the plaintiff and Royce, jointly.   On the trial, the court admitted parol proof to show the consideration, object and purpose of this note, and to this the defendant excepted.

A writing, and especially a deed, cannot, by parol, be extended to matters not covered by the writing, but the identity of the subject matter of a deed generally, perhaps always, rests in parol.   Whether certain land is part of what is conveyed by a deed, rests in *pais*, and is always a question to the jury.   In this case, the bond secured the plaintiff against a several debt, if by him contracted in the business of the firm. Now had he contracted such a debt and paid it, he must, in an action on this bond, have proved not only that he contracted such a debt, and paid it, but must have been permitted to prove, by parol, that it was in the business of the co-partnership.   There was, then, no error in the admission of the parol proof.

The evidence showed that this debt was contracted joint-

Rutland,
January,
1838.

Hodges
v.
Strong.

ly for law books, in contemplation of a co-partnership which had been concluded on, but the written articles were not drawn until the next day. For the use and benefit of this co-partnership the books were purchased and used, during its continuance, and, on its dissolution, they passed wholly to Royce, with the other effects, and were used by him until his decease. Was this debt covered by this bond? This is a question of law, on the construction of the instrument. The condition of the bond is, that the plaintiff is to be indemnified for debts contracted, not merely by the parties as *co-partners*, but *jointly* or *severally* in any way, in the prosecution of their business. This debt was for books, for the firm, and used by them. The consideration of the debt, then, did pass into *the business ;* as much as if it had been money, which went afterwards to pay sheriff's and clerk's bills. The cotemporaneous acts of the partners show that this was viewed as co-partnership property. Upon the dissolution, the books were not divided, but passed as a part of the effects to Royce, who always retained them. The bond does not confine the indemnity to any particular *time*, when the debt must have been contracted, but merely to the nature of the debt, that is, *in their business.* It is, therefore, immaterial whether it was before or during the existence of the different written articles. Again, the bond secures the plaintiff for all debts contracted jointly or severally *for books*, &c., in their business. This was contracted *jointly* for *books*, in their business, and is within the very words of the contract. Indeed, as we hear of no other outstanding debt *for books*, it is extremely probable these words were introduced to cover this particular debt. We think this debt clearly within the provisions, intent and meaning of this bond.

Judgment affirmed.

Royce, J., being one of the administrators of the estate of Rodney C. Royce, deceased, did not sit in this cause.