## SARAH LIPPETT v. WILLIAM W. KELLEY.

*Construction of Deeds. Ejectment. Damages. Amendment. Time.*

In the construction of deeds, when another deed is referred to for a description of the premises conveyed, the deed referred to is regarded as of the same effect as if it were copied into the deed which refers to it; and whatever is described in it, will pass; and both descriptions are considered together.

If the words employed in the description in a deed, sufficiently ascertain the premises intended to be conveyed, the addition of things false or mistaken will not frustrate the grant.

The construction of deeds, and their legal effect, are always questions of law.

In ejectment, the plaintiff may recover, in addition to *mesne* profits, all the damage done to the premises by the defendant while wrongfully in possession.

But, in order to recover such damages, they must be properly alleged in the declaration.

The amendment of the statutory form of a writ o' ejectment so as to include such special
damage, neither changes the form of action, nor introduces a new cause of action; and is
matter of discretion, not revisable in the supreme court.

*Mesne* profits and special damage may be recovered from the time of actual ouster; and
the plaintiff is not confined to the time of ouster laid in the declaration.

EJECTMENT in the statute form, for lands in Wallingford. Plea,
the general issue, and trial by jury, March term, 1873, WHEE-
LER, J., presiding. The ouster was laid on the 1st day of June,
1871. The plaintiff introduced a copy of a deed from Oliver
Warner to Jesse Lapham, dated March 31, 1838, which, it was
conceded, covered the land in controversy. That deed purported
to convey two separate parcels of land. The description of the
first parcel commenced as follows : " Beginning three and a half
feet east of the south-west corner of the shop now occupied by
Samuel Morrison," &c. The demanded premises, the second par-
cel, were described as follows :

" Also one other piece of land lying north of and adjoining
Hosea Eddy's house-lot ; beginning on the road at the north-west
corner of Hosea Eddy's house-lot, running easterly on Eddy's
north line, to Otter Creek ; then down said creek about five
rods, to a buttonwood tree standing on the west bank of said
creek ; then westerly about three rods, to the end of the wall ;
then on said wall, or fence, as it runs, to the road ; then on said
road, to the first mentioned bound."

The plaintiff also introduced a deed of the land in question,
and of other lands, from Jesse Lapham, John H. Vial, and Aaron
R. Vial to Joseph Lippett, dated December 3, 1849, wherein the
demanded premises were described as follows :

" And I the said Jesse further quit-claim to said Lippett, his
heirs and assigns, all the right, title, interest, claim, and demand
I have in and unto one other piece or pieces of land, deeded me
by Oliver Warner, 31st day of March, A. D. 1838, upon which
said Morrison formerly lived and occupied ;—for more particular
description, reference may be had to said deed from Oliver War-
ner to Jesse Lapham,—together with all the water privileges and
appurtenances thereunto belonging to the same."

The said Joseph was the husband of the plaintiff, and died in
September, 1857. The plaintiff also introduced a mortgage of
the demanded premises, from the said Joseph to the said Jesse

and Aaron, dated December 6, 1849, wherein said premises were described the same as in the deed last aforesaid ; and proved that said mortgage was foreclosed in September, 1857, and that title passed under the decree. The plaintiff then introduced a deed from said Jesse to herself, dated September 10th, 1860, of all the land described in the deed to her said husband, and in said mortgage, and to which the said Jesse acquired title by virtue of said decree of foreclosure. The plaintiff gave evidence without objection, that the defendant took possession of the demanded premises in 1866, and began to build a road across them ; that the plaintiff asked him to desist, but he did not, and thereafter continued in possession, and drew on large amounts of stone and dirt, and graded a road across the premises, and had thereby greatly injured and damaged the land, and that the same had greatly depreciated in value by means of said wrongful acts of the defendant while he was so in possession thereof.

The defendant introduced a deed from Henry G. Lapham, Moses H. Vail, George A. Vail, and Oliver K. Lapham to himself, dated September 6, 1866, describing the demanded premises, and other lands ; and gave evidence tending to show that he immediately went into possession under said deed. It was conceded that the defendant's grantors were heirs of the said Jesse Lapham, deceased. The defendant also introduced evidence tending to show that there never was, and never could be, any water privilege upon the land in dispute, and that Mr. Morrison never lived upon said land, and never in any way occupied it, except that at one time he had a garden upon one side of it, and planted some mulberry trees upon it, for the rearing and feeding of silk worms ; that there was another piece of land near by, described in said deed from Warner to Lapham, upon which Morrison did reside, and which he occupied, and which had a water privilege connected therewith. It appeared from the defendant's evidence, that this land was not, during latter years, separated by fence from adjoining lands ; that Joseph Lippett occupied it to put stone upon, and that it was also occupied by an adjoining owner, with his own land as a pasture, because there was no fence, and was so occupied under the said Jesse after his foreclosure. The defendant claimed

to go to the jury with the question as to whether the piece of land in dispute was included in said deed to Joseph Lippett, and in the mortgage aforesaid, and said decree of foreclosure ; but the court held as matter of law, that the deed from Lapham to Joseph Lippett, and said mortgage and decree, included all the land described in said deed from Warner to Lapham, and directed a verdict for the plaintiff, leaving the defendant to go to the jury on the question of damages only ; to which the defendant excepted.

The defendant asked the court to charge the jury that the plaintiff could recover only for *mesne* profits from the time of ouster as laid in the declaration, to the time of trial, and that no exemplary or punitive damages could be allowed in this action. No question was made but that the ouster alleged corresponded with the proof. After the opening argument for the plaintiff, and after the defendant had made said request, the plaintiff's counsel moved for leave to amend the declaration by inserting therein an allegation of special damage, to cover the injuries done to the land by the defendant ; and thereupon the court made inquiry of the defendant's counsel, if it would have made any difference in their preparation for trial, or in their evidence on trial, had the declaration originally contained such allegation ; and being assured that it would not, the court allowed the plaintiff to make said amendment.

The court charged the jury, that the plaintiff was entitled to recover such damages as she had sustained by the entry of the defendant upon the land in dispute, on September 6, 1866, and by his continuing in possession, and doing what he had done upon the land since then, and leaving it as it was at the time of trial. The court refused to charge as requested, except as above stated. To the refusal of the court to charge as requested, and to the charge as given, where it varies from the request, the defendant excepted. Verdict for the plaintiff.

*Joel C. Baker*, for the defendant.

The defendant was entitled to go to the jury upon the question of whether the *locus in quo* was covered by the deed. Whether certain land is part of what is conveyed by a deed, rests *in pais*, and

is always a question for the jury. *Mitchell* v. *Stevens*, 1 Aik. 16 ; *Hodges* v. *Strong*, 10 Vt. 247.

In the action of ejectment in the statute form, the plaintiff cannot increase his damages, by proving wanton misconduct of the defendant, by which the intrinsic value of the premises was injured. *Walker* v. *Hitchcock*, 19 Vt. 634. The plaintiff was entitled to damages from the time of ouster laid in the declaration, to the time of trial. *Cong'l Society in Newport* v. *Walker*, 18 Vt. 600. When damages are laid in a declaration as having occurred between two dates or times, the plaintiff is not entitled to go back of the first one, to recover damages resulting before that time.

It was error to allow the plaintiff to recover damages for the *mesne* profits of the premises between September 6, 1866, and the time of trial. It should have been between June 1st, 1871, and the time of trial.

The amendment allowed by the court, injected into the declaration, if it had any effect, a count for trespass *quare clausum*, and is not allowable.

*Edgerton & Nicholson*, for the plaintiff.

Where, in a deed, the land conveyed is identified as the same premises described in some former deed, it will include *all* the land described in such former deed, unless the grant contains an express reservation, or words limiting it to a conveyance of a part only. 2 Washb. Real Prop. 684 ; *Allen* v. *Bates*, 6 Pick. 460 ; *Foss* v. *Crisp*, 20 Pick. 131. There is no such reservation or words of limitation in the deed from Lapham to Lippett ; but, on the contrary, the words, "*piece or pieces*," show conclusively that Lapham meant to convey both pieces of land described in Warner's deed to him. It is conceded that the second parcel of land described in Warner's deed to Lapham, is the same land now in controversy. The court, therefore, we think, very properly ruled that the " piece or pieces" of land referred to in Lapham's deed to Lippett, were clearly identified by the language of the instrument itself, as including the land in dispute. This construction is aided and rendered certain by the evidence introduced by the defendant himself.

The granting of an amendment at any stage of the trial, by the addition of what would have been an admissible allegation if incorporated into the declaration originally, is always a matter of discretion with the court, and is not the ground of exception. In this case, the court acted with great caution, and permitted the amendment, only upon defendant's assurance that it could work no prejudice to the defence.

The defendant claims that the plaintiff should recover only from the time of the ouster as laid in the declaration, to the time of trial. To this it is answered, that in this action, as in other personal actions to recover damages, an allegation of time is neither material or traversable ; and the plaintiff may prove any other day or time than that alleged, within the period of the statute of limitations, and it would not constitute a variance. 1 Chit. Pl. 256, 257, 258, 614 ; 2 Steph. N. P. 1495 ; 2 Stark. Ev. 544 ; *Dodwell* v. *Gibbs*, 2 C. & P. 615 ; 3 Steph. N. P. 2639.

We insist that in this state, the plaintiff in an action of ejectment, is not limited to the recovery of *mesne* profits, in the restricted sense of that term. The statute is sufficiently comprehensive to warrant a broader basis of recovery ; is obviously intended to supersede the common law action for *mesne* profits, as adopted in England, and thus avoid circuity of action ; and the remedy it is intended to afford, is precisely co-extensive with that afforded at common law by the *two* actions of ejectment *and* trespass for *mesne* profits. As to the nature and extent of the recovery in the action of trespass for *mesne* profits, it is laid down that " if any particular waste or injury to the premises was committed by the defendant, the same should be stated specially. *   *   *   In estimating the damages, the jury are not confined to the mere rent or annual value of the premises, but may give such extra damages as they may think the circumstances of the case demand ; and the costs of the action of ejectment are recoverable as part of the damages." 1 Chit. Pl. 193, 195, 196 ; 2 Chit. Pl., 871, and see precedent, p. 866 ; *Walker* v. *Hitchcock*, 19 Vt. 634 ; 2 Stark. Ev. 544, notes f, g, h, i, k ; Buller N. P. 87, 89 ; 2 Wils. 121 ; 2 Rol. Abr. Title, Trespass by Relation ; *Aslin* v. *Parkin*, 2 Burr. 665, 668 ; 2 Steph. N. P. 1493, 4, 5 ; *Strong* v. *Garfield*, 10 Vt.

502. The form given in the statute, of a declaration in ejectment, is not the conclusive test of what is permissible in such a declaration, in a special case like the present. In this, as in all other forms prescribed, it is to be used and adopted " as near as circumstances will admit." Gen. Sts. 739.

By the charge of the court, the jury were limited in their assessment of damages to a period of time accruing after the actual ouster, as proved upon the trial. Under this limitation, no injustice was done to the defendant.

The opinion of the court was delivered by

ROYCE, J. It was conceded on trial, that the land in controversy was embraced in the deed from Oliver Warner to Jesse Lapham, of March 31, 1838. In this deed the land was described by metes and bounds, and courses and distances, and no mention was made of its having been, or then being, in the occupation of any one, or of any water privilege belonging to the same On the 3d of December, 1849, Jesse Lapham executed a deed to one Joseph Lippett, of the following described land : " All the right, title, interest, claim, and demand I have in and unto one other piece or pieces of land deeded to me by Oliver Warner, 31st day of March, 1838, upon which said Morrison formerly lived and occupied ; for more particular description, reference may be had to said deed from Oliver Warner to Jesse Lapham, together with all the water privileges and appurtenances therewith belonging to the same." The plaintiff succeeded to all the title that Lippett acquired by this deed. The defendant, after introducing evidence tending to show that there never was, and never could be, any water privilege upon the piece of land in controversy, and that Mr. Morrison never lived upon it, and that he never had any occupation of it, except a temporary one of some part of it, and that there was another piece of land near by which was described in the aforesaid deed from Warner to Lapham, upon which Morrison did reside and occupy, and which had a water privilege connected therewith,—claimed the right to go to the jury upon the question as to whether the land in dispute was included in the deed to Lippett.

In construing deeds, where another deed is referred to for a description of the premises conveyed, the deed referred to is regarded as of the same effect as if it was copied into the deed itself; and whatever is described in it, will pass. 2 Washb. Real Prop. 638; *Allen* v. *Bates*, 6 Pick. 460; *Foss* v. *Crisp*, 20 Pick. 121. Under this rule, the two descriptions should be considered together, upon the question of construction. The description in the deed from Warner to Lapham, was by metes and bounds, and courses and distances, and if the words employed in this description sufficiently ascertain the premises intended to be conveyed, the addition of things false or mistaken, will not frustrate the grant. Broom. Leg. Max. 498.

In the case of a lease of a portion of a park, described as being in the occupation of S., and lying within certain specified abuttals, with all houses, &c., belonging thereto, and which are now in the occupation of S.,—it was held that a house situated within the abuttals, but not in the occupation of S., would pass. *Doe d. Smith* v. *Galloway*, 5 B. & Ad. 43. The cases cited by defendant, of *Mitchell et al.* v. *Stevens*, 1 Aik. 16, and *Hodges* v. *Strong*, 10 Vt. 446, lay down the rule that, whether or not particular premises are included in the description in a deed, is a question for the jury. Such an issue cannot be determined by an inspection of the deeds, and hence it must be treated and tried like any other disputed question of fact. Here the question whether the premises described in the plaintiff's declaration, were the same premises described in the deeds under which she claimed title, depended upon the construction to be given to those deeds; and the construction of deeds, and their legal effect, is always a question of law. *Strong* v. *Hodges*, 10 Vt. 247; *Exrs. of Stevens* v. *Hollister*, 18 Vt. 294.

In England, the right to the land *only*, is determined in the action of ejectment; and when the right of the claimant has been established, he has his action of trespass to recover for the *mesne* profits; and in that action, the damages are not limited to the profits that might have been made from the use of the premises recovered; but the owner may be compensated for such consequential damages as have resulted from the acts of the defendant while

in the wrongful occupation of the premises. Adams Eject. 337. In *Goodale* v. *Tombs*, 3 Wils. 118, GOULD, J., says: "I have known four times the value of the *mesne* profits given by a jury in this sort of action of trespass; if it were not to be so, sometimes complete justice could not be done to the party injured;" and where the costs in the ejectment suit have been taxed, the plaintiff may recover them with the *mesne* profits, as damages. *Doe* v. *Davis*, 1 Esp. 358; *Aslin* v. *Parkin*, 2 Burr. 665, 668. But to entitle the party to recover such special damages, they must be alleged in the declaration. 2 Steph. N. P. 1494; *Dunn* v. *Large*, 3 Doug. 335.

Our statute provides that in every action of ejectment, if judgment be rendered for the plaintiff, he shall recover as well his *damages* as the seisin and possession of the premises. The intention of the legislature seems to have been, to avoid circuity of action, and to make the remedy of the plaintiff in ejectment, co-extensive with the remedy given by the action of trespass for *mesne* profits in England. As far as *mesne* profits are concerned, this court has given that construction to our statute, and held that they could only be recovered in the action of ejectment. *Strong* v. *Garfield*, 10 Vt. 502; *Walker* v. *Hitchcock*, 19 Vt. 634. And in the case last cited, it was determined that a recovery for the *mesne* profits in ejectment, was not a bar to an action of trespass *quare clausum* for entering upon the same premises, and injuring and destroying property attached thereto. The form of the declaration in the ejectment suit between the parties in that case, was the one given by statute, and the court say that under such a declaration, the plaintiff should not be allowed to give in evidence such acts of trespass as arose from the wanton misconduct of the defendant. But where claims for damages done to the premises by the defendant while in wrongful possession, are properly alleged in the declaration, we think they may be recovered for in the action of ejectment. It can be no hardship to a defendant to have such claims thus adjudicated, for he has the same notice, and is entitled to the same defences, as if a separate suit was brought to recover them. This view harmonizes with what has been said as to the intent of the statute; so there was no error in the ruling

of the court upon the subject of damages, if the amendment to the declaration was properly permitted to be made. It being admitted that the damages claimed by the amendment can be recovered in this action, the rule adopted in *Carpenter* v. *Gookin*, 2 Vt. 495, and which has since been followed, does not apply. It neither changed the form of action, nor introduced a new cause of action. The cause of action remained the same after the amendment as before, and the granting the motion rested in the discretion of the court, and is not reviewable here. If it was reviewable, the abundant and commendable caution of the court, precludes all claim that its discretion was improperly exercised. There was no error in the charge as to the time covered by the declaration for which the jury might assess damages. The general rule in an action for *mesne* profits is, that the plaintiff may recover the annual value of the land from the time of the accruing of his title. Sedgw. Dam. 123. And the time stated, as far as it refers to the claims for damage alleged in the amendment, is not material.

Judgment affirmed.