CHITTENDEN,
*January,*
1838.

Shelburne
*v.*
Eldridge *et al.*

</div>

---

. DAVID FRENCH *v.* MARTIN CHITTENDEN, *et al.*

*(In Chancery.)*

<div align="right">

CHITTENDEN,
*January,*
1838.

</div>

An application for re-hearing must be made, and notice of it served upon the adverse party, within twenty days from the rising of the court, which pronounced the decree.

THIS was a petition, brought to the present term of this court by David French, praying for the re-hearing of a cause, in which a decree was pronounced, at the January term of this court, 1837, in favor of the petitioner, and against Martin Chittenden and others.

The petition was not preferred, nor served upon the petitionees, until after twenty days from the rising of the court making the decree, and, for this cause, the petitionees moved to dismiss the petition.

WILLIAMS, Chancellor.—A petition for a re-hearing is an application for a re-argument, and cannot be sustained after a decree is enrolled. By the 17th rule in Chancery, no decree is to be recorded until the expiration of twenty days from the rising of the court, and no decree will be suspended by a petition for re-hearing, unless the same is served upon the adverse party within the twenty days. The effect of this rule must be to limit applications for re-hearing, to the twenty days, although it is not so declared in terms. The party, in whose favor a decree is made, may, at any time after the twenty days, cause it to be enrolled, and thus prevent the granting of a re-hearing to the opposite party, and it should not be in his power, by witholding the decree, to prefer a petition, at any time, for re-hearing, when he can prevent the like application from the opposite party. The decree,

CHITTENDEN,
January,
1838.

French
v.
Chittenden,
et al.

when signed, is considered as made at the term when it was pronounced, whether it is enrolled or not, and may be enrolled at any time after the twenty days. The present petition, which is preferred by the orator, in whose favor the decree was made at the last term, not having been presented until after the expiration of the twenty days, must be dismissed.

C. Adams, for petitioner.

Lyman & Marsh, for petitionee.

Note.—Mr. Justice REDFIELD, although stated, at the commencement of the reports for Chittenden County, to have been present, was absent during the whole of the term.