ELNATHAN STRONG *v.* SCEVY GARFIELD.

A judgment in ejectment is a bar to an action of assumpsit for use and oc-
cupation of the same land, up to the time of such judgment, even al-
though no damages, either real or nominal, be included in the judgment.
This principle is not affected by the pendency of both actions at the same
time, if the judgment in the ejectment be first rendered.

ASSUMPSIT, for the use and occupation of lot No. 8, in the
10th range in Hardwick. The defendant had assigned the
premises to the plaintiff and had agreed to surrender the
possession, by the first day of April, 1837, but had neglected
to do so, and the plaintiff's claim was for the use and occu-
pation, after that time. The plaintiff had sued, in ejectment,
for the premises and recovered a judgment, in that action,
against the defendant. (See page 497, *ante.*) Both actions
were pending at the same time, and judgment was rendered
for the plaintiff, in both, by the county court, and at the same
term ;—first, in the ejectment, and afterwards, in this action.
The defendant excepted.

*W. Mattocks,* and *J. Mattocks,* for defendant.

The action of ejectment for the *same land* was pending
and on trial, at the same time of the trial of *this* action, in
which action of ejectment, and *in which only,* by statute, p.
85, plaintiff *shall* recover his damages, that is his rent. *At-
kinson* v. *Burt,* 1 Aikens' R. 329.

The policy of this statute is to do away the common law
action for mesne profits and prevent a second suit. It is
remedial and to be construed liberally to promote the ob-
ject.

*E. Paddock,* and *B. N. Davis,* for plaintiff.

The opinion of the Court was delivered by

PHELPS, J.—The only question arising in this case is, whe-
ther the plaintiff can recover in this action of assumpsit, for
the use and occupation of the land recovered in the eject-
ment.

By the original contract between these parties, upon the
occasion of the sale of the premises by the defendant to the
plaintiff, it was stipulated that the defendant might retain
possession of the premises until the first of April, following.
As no rent was stipulated to be paid for the occupation,

we infer that none was to be paid; but that the use of the premises till that time entered into the consideration of the principal contract. The question, therefore, has reference to the occupancy of the premises, subsequently to that period.

The plaintiff has seen fit to treat the defendant as a tortfeasor after that time, as he might lawfully do, and has brought his ejectment accordingly, and recovered.

By the English law, the plaintiff recovers his land only, in ejectment, and may have a subsequent action of trespass for mesne profits. Under our statute he recovers the mesne profits in the action of ejectment, as damages occasioned by the trespass. Whenever, therefore, he recovers for mesne profits in the ejectment, the recovery is, upon common principles, a bar to a future action for the same cause. And if he recover a nominal sum only, the effect is the same. Under this law, a common form of entering the judgment is for nominal damages only, in cases where no evidence of mesne profits is given on trial. If no damages, either real or nominal, are recovered, still we consider the judgment in ejectment as a bar, either to a future action of trespass for mesne profits, or assumpsit for use and occupation. The mesne profits, rents, or whatever they may be denominated, which are derived from the use and occupancy of the land, while tortiously held, are to be considered as occasioned by the trespass included in the ejectment. If so, and they may be recovered in the ejectment, it follows that they are incident to the recovery, and can never be made the subject of a distinct and separate suit. It is a settled rule of law, that a judgment upon the merits is a bar to a future action, not only as to what was actually given in evidence upon the trial, but as to every thing connected with the cause of action adjudicated upon, which might have been given in evidence. Hence no two actions of trespass or trover can be sustained, for one and the same taking or conversion, although divers chattels may be taken or converted; but if a recovery is had, though for part only of the chattels, and no evidence is given as to the residue, yet no subsequent action can be sustained for the latter. A legal satisfaction for the trespass is a satisfaction for all damages sustained by it. So, too, in every case, whether of contract or tort, if a recovery is had, no second suit can be sustained for further or other damages, which might have

been proved and recovered for in the first suit.    This principle is applicable to the question under consideration.    Mesne profits, being recoverable as damages in the ejectment, may be proved or not as the party may elect; if not proved, they are to be considered as waived.    There is no greater propriety in sustaining a second action in such a case, than in any other, where the damages to be recovered are divisible.    The party is not at liberty thus to divide his cause of action, and recover as often as he can make out a new item as a subject of compensation.    We are all, therefore, of opinion, that a recovery in ejectment is a bar to an action of trespass for mesne profits, or assumpsit for use and occupation, for the period covered by the judgment.

It may be answered however, that in this instance the actions were both pending at once, and that the judgment in ejectment and in this suit, having been rendered at the same term, were simultaneous.

This may render a different view of the subject necessary.

It must be conceded that the plaintiff had his election, in the outset, to treat the defendant as a tort-feasor and bring his ejectment, after the first of April, 1837, or to waive the tort, and sue in assumpsit for use and occupation.    But both he could not do.    We cannot regard the defendant as, at one and the same time, a trespasser and as in under the plaintiff, by contract express or implied.    The plaintiff cannot recover in ejectment, without negativing the contract; in which case the action for use and occupation fails;—nor in assumpsit, without waiving the tort, which is equally fatal to the ejectment. The case of *Birch* v. *Wright,* 1 T. R. 378, is a direct authority on this point.

Now, if we suppose the plaintiff's right of election to subsist until the moment of trial, still it must be then made, as he cannot recover both ways.    What then is his right? Clearly, to waive the tort or not.—If he elect to waive the tort, the ejectment fails; if not, the action for use and occupation fails.    But he proceeded to judgment in the ejectment, and his election was made.    He wishes however to insist upon the tort, so far as to recover the land in ejectment, but as to damages, he chooses to waive it and recover for use and occupation.    But this he cannot do.    It is idle to make the distinction, unless it is made to some practical purpose.

The judgment of the county court is reversed.