ADDISON,
*January,*
1839.

## HOUGH & WOOD *v.* CYRUS BIRGE.

If the defendant occupy land belonging to plaintiff under a contract of purchase, which fails to be carried into effect, by reason of a defect or failure of plaintiff's title, and without any fault on the part of defendant, no action can be sustained against the latter for use and occupation.

THIS was an action of assumpsit for use and occupation.— Plea non assumpsit, and issue to the court.

On the trial in the county court, the following facts were agreed upon by the parties.

A contract was made between the parties as follows:

"March 21st, 1832.

" I this day agree to sell to Cyrus Birge the house and lot now occupied by Rev. S. A. Crane, in this village, for $750, $250 to be paid in five months from the 1st of May, without interest, $250 in one year from 1st of May, $250 in two years from 1st of May, with interest. Deed to be given on return of Mr. Hough from Washington.

(Signed,)        NATHAN WOOD."

In pursuance of this contract, the defendant took possession of the house and lot owned by the plaintiffs, on the 1st day of May, 1832, and after that time an attachment was made, by a creditor of Hough & Wood, of the house and lot, which attachment was pursued, and judgment obtained, and the premises set off by the creditors, on the 20th of October, 1832, after which the defendant purchased the house and lot of the creditors, at the sum of $700. This suit was brought to recover for the use and occupation of said house and lot from the 1st of May to the 20th day of October, when the premises were levied upon by the creditors of Hough & Wood. It is agreed by the parties that the rent of said premises was at the rate of $75 per year.

The county court rendered judgment for the defendant, to which the plaintiff excepted.

*Briggs & Barber* for plaintiff.

The defendant must be considered liable, in this action, for the use and occupation of the premises, unless the case shows something to take it out of the general principle. 1 Swift's Dig. 579. 3 Stark. Ev. 1515–16. 2 Aikens' R. 251.

1. The case shows no contract between any persons, not even between Wood and the defendant. The agreement

ADDISON,
January,
1839.

Hough &
Wood,
v.
Birge.

was a mere naked agreement, without consideration, and therefore void. 1 Swift's Dig. 190. 5 Bing. R. 34. 3. T. R. 653.

2. If it does show a contract, it is between Wood and the defendant, and not between plaintiffs and defendant, and to be a bar to this action, it must appear to be such a contract as the defendant can enforce in law or equity against the plaintiffs in this suit. This he cannot do.

3. If it does show a contract originally binding upon the parties to the record, that contract went off by the mutual consent or abandonment of it by them, and, not being a valid subsisting contract, it cannot be set up in bar of this action, or for the purpose of showing any right to the possession of the premises without payment for the use of them. 1 Swift's Dig. 286. *Goodrich* v. *Lafflin et al.* 1 Pick. 57. *Gary* v. *Hull*, 11 Johns. R. 441.

4. If the contract was not completed through the failure of the title in Hough & Wood, still, as the possession of the defendant was a beneficial one, and, as there was no fraud or misrepresentation on the part of the plaintiffs, they can recover, in this action, for the use and occupation of the premises for the time specified. 2 Saund. Pl. & Ev. 890. *Hearn, et al.* v. *Tomlin*, Peake's Cases, 192. 3 Stark. Ev. 1519, (note g.) Sugden's Vendors, 184. *Cummings et ux.* v. *Noyes*, 10 Mass.R. 433. *Elliott* v. *Rogers*, 4 Esp. R. 59. 1 Swift's Di.91.

If the plaintiffs cannot recover in this action, they are remediless, when they have a clear equitable claim; for there is no express contract between them and defendant, upon which they can seek a recovery.

*C. Linsley*, for defendant.

1: An action for use and occupation can never be maintained, unless the relation of landlord and tenant subsist.— It is true, this relation may be inferred from slight circumstances, when there is nothing to forbid the presumption.— But, in the present case it is admitted that the defendant went into possession and occupied under a contract for the purchase of the premises. If the contract had been fulfilled by plaintiffs, it will hardly be pretended that the relation of landlord and tenant could have existed; and if it would not have existed if plaintiffs had performed their contract, how can the breach of it, on the 20th of October, 1832, turn the fact of occupancy into a tenancy? Stark. Ev. 1513.

ADDISON,
*January,*
.1839.

Hough &
. Wood
*v.*
Birge.

2. The defendant having taken possession and occupied under a special contract, valid in its inception, and capable of enforcement by both parties, his rights and liabilities are to be settled by that contract.

The attempt to recover on an implied contract, upon the ground that the party has broken a special contract, would be dangerous in practice. It would be a total departure from fundamental principles of primary importance, in search of a fancied and doubtful equity. There is no ground on which a contract can be implied by the court. That can only be done when it does not appear that there is a special contract.

The attempt to recover rent, when the occupation was under a contract for purchase, seems never to have met with favor, as it most unquestionably never should. It is believed that the *nisi prius* case of *Hearn et al.* v. *Tomlin,* Peake's cases, 192, and *Hall* v. *Vaughn,* in the court of Exchequer, are the only cases where it has ever been *listened* to.

The true doctrine is laid down in 2 Greenleaf's R. 337. *Vandenheuvel* v. *Storrs,* 3 Conn. R. 202. *Kirtland* v. *Pounsett,* 2 Taun. R. 145. *Bancroft* v. *Wardwell,* 13 Johns. R. 489. *Smith* v. *Stewart,* 6 do. 46. *Whiting* v. *Sullivan,* 7. Mass. R. 107.

The opinion of the court was delivered by

REDFIELD, J.—The contract entered into between the defendant and Wood in relation to the purchase of this house and lot, must be considered as binding upon the plaintiffs until rescinded by the defendant, which he did not do until his purchase of the lot of the creditors, and which he might well do, after all title had gone from the plaintiffs.

The statute of frauds does not make contracts, not reduced to writing, for the sale of land, void; but it provides that "no action shall be maintained thereon." This contract was reduced to writing and signed by one of the parties. Not being signed by the defendant, the plaintiffs could maintain no action thereon against defendant. Some of the cases go so far as to say, that, on that account, the plaintiffs might have rescinded it. But, until the contract was rescinded by one of the parties, it remained in force as a ground of defence in all things done under it. And it is unnecessary to say, that the law will imply no contract where the parties have made an express stipulation. *Expressum facit cessare tacitum.*

ADDISON,
January,
1839.

Hough &
Wood
v.
Birge.

The case, then, presents the single question, whether this contract of sale having failed to be carried into effect in consequence of defect or loss of title in the plaintiffs, they can now recover of defendant for use and occupation, while he was in possession of the premises under the contract of purchase. It is very obvious to the court, that no such action can be maintained in the present case. The case of *Hearn et al.* v. *Tomlin*, Peake's cases, 192, was correctly decided, no doubt. The plaintiff failed to recover, as he should have done. But the reason assigned by the learned judge, who tried the case, seems to have been intended rather to pacify the plaintiff than to justify the decision to the profession. If the defendant had derived no benefit, he could not be made liable in any event. But where he had derived benefit, he could not, on the most favorable view, be made liable, unless he had himself been in fault, as was holden in *Hull* v. *Vaughn*, 6 Price, 157. Such seems to have been the doctrine held in *Kirtland* v. *Pounsett*, 2 Taunton's R. 145 ; *Vandenheuvel* v. *Storrs*, 3 Conn. R. 203 ; 2 Greenleaf's R. 337 ; 13 Johns. R.489. Although the law will, in many cases, imply a contract to pay for use and occupation of land enjoyed by the defendant, and, which rightfully belonged to plaintiff, yet, in the absence of all evidence of such occupation being by plaintiff's permission even, no case has been presented in the argument, which would justify a recovery in the present case. From the great diligence in preparation, manifested on the part of the plaintiff, we are satisfied no such case exists.— And we are the more satisfied in this conclusion from our utter inability to conjecture any good basis upon which such a decision could rest.

Judgment affirmed,