### HENRY B. STACY *v.* THE VERMONT CENTRAL RAILROAD COMPANY.

The supreme court will not revise a former decision made by the same court, in the same cause, upon substantially the same state of facts.

When one enters upon the land of another under an agreement of purchase which he subsequently fails to carry out, the owner cannot maintain an action of assumpsit for use and occupation against him. To sustain that action the relation of landlord and tenant must have existed between the parties, evidenced either by an express or implied contract, creating that relation.

DEBT upon an award by commissioners of the damages sustained by the plaintiff on account of his land being taken by the defendants for the use of their railroad. The declaration also contained a general count for the use and occupation of the plaintiff's premises by the defendants. Plea the general issue and trial by jury, at the September Term, 1858, BENNETT, J., presiding.

This cause was before the supreme court at the December Term, 1854, and is reported in the 27th Vermont Reports, page 39, and all the facts in any wise material to the view of the case, taken by this court at the present trial, are there stated.

The county court directed a verdict for the defendants to which the plaintiff excepted.

*William Weston* and *Jacob Maeck*, for the plaintiff.

*George F. Edmunds* and *Roberts & Chittenden* for the defendants.

PIERPOINT, J. This cause was before this court on exceptions, and was heard at the December Term, 1854. Many of the questions raised upon this hearing were then discussed and decided.

It is insisted that the facts as detailed in the bill of exceptions now before us, are so materially different from those presented for the consideration of the court on the former trial, as to require the application of different rules of law from those established and applied to the case upon that occasion.

Upon carefully examining the original bill of exceptions that

was then before the court, and comparing it with the one now before us, we are wholly unable to discover in this case any fact material to its determination that was not contained in that. The facts are stated with more particularity now than then, but substantially they are the same. We find no such alteration of, or addition to, the facts, as calls for the application of any different rules of law from what the case then required.

The question then is, will this court revise a former decision made by the same court in the same cause and on substantially the same state of facts?

Such a decision presses itself upon the consideration of the court with a two fold force; first, as an authority, as though it was a decision made in any other case; second, as an adjudication between the parties; not as one that is conclusive as a matter of law, for the court may revise and reverse it, but as an adjudication that practically is to be regarded as having much the same effect.

The rule has been long established in this State, often declared from the bench, and we believe uniformly adhered to, that in the same cause this court will not reverse or revise their former decisions.

It is urged, and there is force in the argument, that if there is error in the decision, and it is ever to be reversed, it should be done in the same court. Although this position may be sound in theory, as applicable to a single case, yet as a rule to be acted upon in all cases, it would lead to incalculable mischief. If all questions that have ever been determined by this court are to be regarded as still open for discussion and revision in the same cause, there would be no end to their litigation until the ability of the parties or the ingenuity of their counsel were exhausted.

A rule that has been so long established and acted upon, and that is so important to the practical administration of justice in our courts, we think should not be departed from. And whatever views the different members of this court may entertain as to the soundness of the former decision, we all agree that the doctrine there enunciated is to be regarded as the law of this case.

It is further insisted on the part of the plaintiff that if he is not entitled to recover the amount of the award, still he is enti-

tled to recover on the count in his declaration, for the use and occupation of the premises, while the defendants were in possession.

The authorities all agree that to enable a party to recover in this form of action, it must appear that the relation of landlord and tenant existed between them, as evidenced by either an express or an implied contract creating that relation.

The law will imply this relation from the occupancy of premises with the assent of the owner, but this implication may be rebutted by proof of a contract, or of any other fact that is inconsistent with the existence of that relation. If a contract is proved, the rights of the parties are to be determined by the terms thereof, and while the contract is in force and the parties are acting under it, the law will not imply a relation at variance with it.

Under the state of facts proved to exist in this case, can it be said that such a relation existed between the plaintiff and defendants as will enable the plaintiff to recover for the use and occupation of the premises in question, while the defendants were in possession? We have all felt a desire to answer this question in the affirmative if it could be done consistently with the well established rules of law applicable to the subject, for it cannot be denied that the plaintiff has sustained an injury at the hands of the defendants, for which he should recover compensation.

The evidence introduced by the plaintiff negatives the idea that at the time the defendants entered upon the premises in question, it was done under any agreement or expectation on the part of either that the defendant was to become the tenant of the plaintiff, or that any claim for the use and occupation of the land was to arise out of the arrangement that they entered into.

At the time the defendant took possession and commenced work, with the assent of the plaintiff, it was with the expectation on the part of both that the defendant was to take the land as the owner thereof, and under an agreement that the defendant would take the necessary steps to have the property appraised and the title perfected, according to the requirements of the charter of of the company.

The principle seems to be well established that when one enters

into the possession of another, under an agreement of purchase, which he subsequently fails to carry out, the owner cannot maintain an action against him for use and occupation; the agreement does not create the necessary relation between them, and the law will not imply it in opposition to such agreement.

What would have been the effect upon this question if, on the failure of the defendant to have the land appraised, and pay the damage early in the spring of 1847, according to the agreement, the plaintiff had rescinded the agreement and claimed to hold the defendant as his tenant, or as liable to him for the use of the premises, or as a trespasser, it is not necessary for us now to determine.

The plaintiff did not attempt to rescind the agreement, but allowed the defendant to occupy the premises in question under the agreement, until the appraisal was made, and is now in this suit seeking to enforce the award, on the ground that by virtue of the agreement and the award, the defendant acquired a title to the land and became liable to pay for it. The plaintiff now claims that the defendants became the owners of the premises, and that their possession was as that of owners and not as his tenants.

In the face of these facts, it is impossible that the law should imply the existence of any such relation between the parties as is necessary to enable the plaintiff to recover for the use and occupation of the premises.

Judgment affirmed.