SARAH CHAMBERLIN *v.* MICHAEL DONAHUE.

### *Landlord and Tenant. Use and Occupation.*

The plaintiff and her daughter occupied a homestead left by the plaintiff's husband at his decease, without ever having had the same set to them by the probate court. In the absence of the plaintiff, the daughter married the defendant and he moved on to the place and continued to occupy and enjoy it, refusing, on demand, to buy it, or leave it, or pay rent, but offering to let the plaintiff occupy with him, which she declined to do, and the defendant made no contract for the use. The plaintiff finally brought ejectment, which failed for want of notice to quit. *Held* that in assumpsit for the use and occupation, the court should have submitted the case to the jury to find whether or not an implied contract of tenancy existed.

ASSUMPSIT for use of a tenement in Peacham.

The plaintiff claimed rent from the 8th day of May, 1864, to the time of bringing the suit, February 9, 1870. Trial by jury under the general issue, June term, 1871, WHEELER, J., presiding.

The plaintiff gave evidence tending to show that this tenement was the property of her husband, Guy Chamberlin, and occupied by him and her and family as a homestead until about twelve years ago, and was then worth from four to five hundred dollars, when he died, leaving the plaintiff and her daughter Sarah, who was about thirty-five or forty years of age, and another married daughter : that after the decease of said Guy the plaintiff and her said daughter Sarah continued to occupy the premises as a homestead ; that no assignment by the probate court was ever made to the plaintiff of the premises as a homestead ; that awhile previ-

8

ous to the 8th of May, 1864, said plaintiff went to stay awhile with her other daughter, and left her houscheld furniture, and her daughter living in the house ; that her daughter Sarah was married to the defendant on the 8th of May, 1864, and that he then went into the occupation and enjoyment of these premises ; that she returned in the fall of 1864, and then found that Sarah had married the defendant, Donahue, and that he was living on and occupying the premises with his wife ; that she staid there with her awhile, and then left, and has not since returned, and that defendant has continued in the occupancy and enjoyment of the premises ever since, and that the use of them was worth from $40 to $60 per year. It did not appear on what terms the mother and daughter had lived together. The plaintiff gave evidence tending to show that there was no contract between her and her daughter or son-in-law about the occupation ; that on the 10th of September, 1866, she, by her agent, Mr. Hale, requested the defendant either to purchase the premises or quit them, or agree to pay rent, and he refused to do either, saying the plaintiff might come and live with him, and that he would make no bargains ; whereupon Mr. Hale notified him to quit, and he not doing so, the plaintiff commenced an action of ejectment against the defendant to recover possession of the tenement, which suit was tried at the December term of Caledonia county court, 1867, and judgment was rendered for the defendant, because there was no notice to the defendant to quit the premises. The case passed to the supreme court on exceptions by the plaintiff, and was tried at August term supreme court, 1868, and judgment of the county court affrmed.

The defendant showed that, at the December term of same court, 1868, another action of ejectment was commenced by the plaintiff against the defendant, for the same premises, which action was tried at the June term of said court, 1869, and judgment for the defendant ; that at the December term of said court, 1870, the plaintiff commenced another action of ejectment against the defendant for said premises, and said action is now pending before the court, and stands for trial.

The defendant claimed that on this testimony the plaintiff was not entitled to recover for the use of the premises.

The court held, and charged the jury that if they were satisfied that the facts were as the plaintiff's evidence tended to show, the plaintiff was entitled to the use and enjoyment of the premises from the time of the death of her husband, and that if the defendant had had the use and enjoyment of them, the plaintiff was entitled to recover for the use and enjoyment he had had of them such sum as the use was reasonably worth from year to year, from the time he went into the use and enjoyment of them until the expiration of the year next before the commencement of this suit.

To this ruling of the court the defendant excepted. Verdict and judgment for the plaintiff.

*Bliss N. Davis*, for the defendant.

*J. P. Lamson*, for the plaintiff.

The opinion of the court was delivered by

Ross, J.   To lay the foundation for a recovery in assumpsit, for use and occupation, the relation of landlord and tenant must have existed between the parties, evidenced by a contract, either expressed or implied. *Stacy* v. *Vt. Central R. R. Co.*, 32 Vt., 551 ; *Watson* v. *Brainard et al.*, 33 Vt., 88 ; Taylor on Landlord and Tenant, § 636.   Occupation alone will raise this relation by implication only when the occupancy of the premises has been with the assent of the owner, and without any act or claim, on the part of the occupant, inconsistent with an acknowledgement by the occupant of the owner as his rightful landlord.   Taylor on Landlord and Tenant, §§ 636, 637.   This implication may be rebutted by proof of a contract, or any other fact inconsistent with the existence of such relation.   *Stacy* v. *Vt. Central R. R. Co.*, 32 Vt., 551 ; Taylor on Landlord and Tenant, § 636, 637.   A contract to purchase, and occupation under it, was held sufficient to rebut the implication of the existence of this relation arising from the occupancy, in *Hough* v. *Birge*, 11 Vt., 190.   A suit and judgment in ejectment has been held to be conclusive evidence that this relation did not exist during the time mesne profits could be recovered in the ejectment suit.   *Strong* v. *Garfield*, 10 Vt., 502 ; *Birch* v. *Wright*, 1 T. R., 371.   There was no proof tending to

show an express contract, creating the relation of landlord and tenant, between the parties to this suit; nor do we think that the evidence of the plaintiff so clearly and unmistakably showed an implied contract of this kind, that the court were justified in instructing the jury that the plaintiff was entitled to recover if they found the facts as the plaintiff's evidence tended to show them to be. The plaintiff's evidence tended to show the title to the premises, and the right to their use, to have been in the plaintiff, and that the defendant had occupied them. These facts, if established, unexplained, would tend to show that the defendant expected to pay for the use of the premises, since one would not be expected to claim the right to use premises belonging to another without the payment of rent. But the manner in which the defendant entered upon the occupancy of the premises, by his marriage of the daughter of the plaintiff, who was then in the occupancy of the premises with the permission of the plaintiff; the fact that the premises belonged to the wife's deceased father, and had never been administered upon or set out to the plaintiff; the refusal of the defendant, when called upon, for the plaintiff, by Mr. Hale, to pay rent or leave the premises, or make any contract about their use, and his offer to let the plaintiff occupy them with him and his wife, tended to show that the defendant claimed to occupy them in the right of his wife, under a claim that she had an interest in, and some right to them, by inheritance. The bringing of the suit in ejectment by the plaintiff tended to show that she treated the defendant as holding the premises wrongfully, and not as her tenant, or by her permission. If that suit had resulted in a judgment for the plaintiff, it would have worked an estoppel to the maintenance of this suit. Its failure, through want of notice, relieved it of that effect, but not of a tendency to show that the plaintiff did not regard or treat the defendant as her tenant, and, therefore, to rebut any implied contract of tenancy between the plaintiff and the defendant. We think the court should have submitted the case to the jury, with proper instructions, to find, from the evidence, whether or not an implied contract of tenancy existed.

Judgment of the county court is reversed, and case remanded.