## MOORE v. HARVEY.

### Landlord and Tenant. Evidence.

To maintain assumpsit for use and occupation, the relation of landlord and tenant must exist *ex contractu.*

In assumpsit for the use of a pasture whereof plaintiff was lessee, and which defendant had occupied, *held*, that what plaintiff paid for the use of the pasture had no tendency to show what the use of it was reasonably worth.

ASSUMPSIT in the common counts, with a general count for " money paid for the rent of a certain pasture," and " for the use and occupation of a certain pasture." Plea, non-assumpsit, and trial by jury, June Term, 1877, Caledonia County, Ross, J., presiding.

On May 6, 1875, the plaintiff, who was a milkman, sold to the defendant his stock in trade, comprising nineteen cows, one milk-wagon, one sleigh, and a quantity of milk cans, for $1000, which was fully paid before this suit was brought. Before the sale, the plaintiff had hired a certain pasture for the then ensuing summer of one Peck, agreeing to pay therefor $125. The defendant used the pasture during the season, and it was for that use that this suit was brought.

The defendant claimed that the use of the pasture was included in the trade of May 6th, and paid in the $1000, and gave evidence tending to show that the nineteen cows were sold at $40 each, or a total of $760, the milk-wagon and cans at $75, the sleigh at $40, and the use of the pasture at $125, or all for $1000.

38

He also testified that soon after the trade was made, he saw Peck and asked him if it was all right, because he wanted to know if the plaintiff was charging him more for the pasture than he gave, and that Peck claimed that he had rented the pasture to the plaintiff; that he never made any agreement with reference to the trade, nor with reference to the use of the pasture, after the trade was made; and that he occupied the pasture by reason of the purchase from the plaintiff, and never made any trade with Peck, nor talked with him about it.

On the question of whether the $1000 included the rent of the pasture, the plaintiff, against the objection of the defendant, was permitted, in answer to the question, " what did you pay, a month previous, to Mr. Brown for the identical property ?" to testify, " Twelve hundred dollars." To the admission of which the defendant excepted.

The plaintiff further testified that the defendant never hired the pasture of him; that there was never any contract between them with reference to it; that defendant never agreed to pay for the use of it; that he gave the defendant no permission to occupy it; and this was not denied, except by defendant's claim that the use of the pasture was included in the sale of May 6th. In regard to the conversation that was had between them relative to the pasture at the time of the contract of May 6th, plaintiff testified as follows: " He asked me if I had hired the pasture. I told him I had. He said he wanted the pasture. I told him I had no right to let it to him—I thought I had no right to relet it." He testified further that that was all that was said about the pasture on that occasion. This evidence was in no way contradicted except by the defendant's claim that the use of the pasture was included in the sale of May 6th.

Under direction of the court the jury found specially that the sale of May 6th did not include the use of the pasture, and that the sum paid by plaintiff to Peck for the use of the pasture, with interest thereon, amounted to $135.44, but rendered no general verdict. The court rendered judgment, *pro forma*, on the verdict for the plaintiff for $135.44; to which the defendant excepted.

*Walter P. Smith* and *Henry C. Bates*, for the defendant.

The plaintiff testified that the defendant occupied under neither contract nor license. He was therefore a trespasser, and the plaintiff cannot maintain assumpsit. *Lancaster* v. *Trewer*, 2 Bing. 361; *Chandler* v. *Rossiter*, 10 Wend. 487.

This was not a case where the plaintiff could waive the tort and sue in assumpsit. *Watson* v. *Storer*, 25 Mich. 386; *Jones* v. *Hoar*, 5 Pick. 285; *Elliot* v. *Jackson*, 3 Wis. 649; *Smith* v. *Smith*, 43 N. H. 536; *Winchell* v. *Noyes*, 23 Vt. 303; *McKnight* v. *Dunlop*, 4 Barb. 36; *Balch* v. *Patten*, 45 Me. 41; *Schweizer* v. *Weiber*, 6 Rich. (S. C.) 159; *Fuller* v. *Dunn*, 36 Ala. 73; *Carson River &c. Company* v. *Bassett*, 2 Nev. 249; *Kidney* v. *Pearsons*, 41 Vt. 386; *Chamberlin* v. *Donahue*, 44 Vt. 57.

It was error to allow the plaintiff to testify to what he paid Brown for the property.

It was also error to submit to the jury the question of how much the plaintiff had agreed to pay Peck for the use of the pasture. If the plaintiff can waive the tort and sue in assumpsit, he can recover only what the use of the pasture was reasonably worth during the time he was actually in possession.

*Belden & Ide* and *Elisha May*, for the plaintiff.

It was competent for the plaintiff to show that the cost of the property was more than the price at which he sold it, excluding the pasture. *Buzzell* v. *Willard*, 44 Vt. 44; *Bennett* v. *Stacy*, 48 Vt. 163.

The issue was, whether or not the defendant had paid the plaintiff $125 for the use of the pasture. The defendant claimed that he had already paid that sum. No question can now arise as to the amount due or the amount of the judgment.

The defendant is estopped to deny that he held the premises as tenant of the plaintiff.

The parties tried the case upon the theory of a renting, the question being whether or not the rent had been paid. It is too late to change the issue. *Wilmot* v. *Howard*, 39 Vt. 447.

The parties sustained the relation of landlord and tenant. Even if the entry was without right, the defendant making no

claim of adverse right, the plaintiff might waive the tort and sue in assumpsit. 1 T. R. 378 ; Oliver Prec. 123 ; *Lauvine* v. *Dorrell*, 2 Ld. Raym. 1216 ; PHELPS, J., in *Strong* v. *Garfield*, 10 Vt. 502 ; *Curtis* v. *Treat*, 8 Shep. 525 ; *Catterlin* v. *Spinks*, 16 Ala. 469 ; *Welch* v. *Bagg*, 12 Mich. 42.

But here was no claim on either side that the entry and use were tortious. There is an implied agreement to pay a reasonable rent. *Oakes* v. *Oakes*, 16 Ill. 106 ; *Alton* v. *Pickering*, 9 N. H. 494 ; *Knowles* v. *Shapleigh*, 8 Cush. 334 ; *Chambers* v. *Ross*, 1 Dutch. (N. J.) 293 ; *Gunn* v. *Scoville*, 4 Day, 228 ; *Stacy* v. *Vt. Central R. R. Co.* 32 Vt. 553 ; *Chamberlain* v. *Donahue*, 44 Vt. 57. Tayl. Landl. & Ten. s. 19 ; *Jackson* v. *Memay*, 30 Ga. 14 ; *Osgood* v. *Dewey*, 13 Johns. 240.

The opinion of the court was delivered by

BARRETT, J. The plaintiff must stand, if at all, on his count in assumpsit for *use and occupation*. In order to maintain his cause on that count, the relation of landlord and tenant *ex contractu*, must exist, either by express or implied agreement.

The defendant is explicit that he bought out and paid the plaintiff for the use of the pasture in the sale of the milk business and material for the stipulated $1000. The plaintiff testified that defendant never hired the pasture of him—never agreed to pay for the use of it—that there was no contract whatever and never had been in respect to it—that he did not give defendant any permission to occupy it. This was not contradicted, except as by defendant's claim that the pasture was included in the sale of May 6th. The plaintiff must stand upon the position into which he swears himself on the trial, and this is conclusive against any relation of tenancy. It rebuts any implication resulting from occupancy by permission. The law is definite and plain against his right of recovery. Though the evidence as to how much plaintiff paid Brown for the property might have been admissible as circumstantial, bearing on the likelihood of the pasture being embraced in the sale to defendant for $1000, the special verdict shows that it was made the ground and rule for computing the damages which plaintiff was entitled to recover. This was error.

What plaintiff paid Brown for the use of the pasture had no tendency, as lawful evidence, to show what its use was reasonably worth, as the ground and measure of plaintiff's right to recover in his suit against the defendant.

Judgment reversed, and cause remanded.