M. C. CANERDY, Admr., v. ANNETTE O. BAKER.

*Rehearing. Chancery. Apparent Error. Review.*

1. A chancellor may rehear a cause remanded from the Supreme Court on petition for substantial errors apparent or manifest from the papers and pleadings, errors plainly resulting from inadvertence or oversight of an uncontroverted or settled fact, errors or mistakes such as it is evident the Supreme Court would correct upon suggestion before the cause was remanded.
2. But in a cause remanded this remedy is in no sense applicable for the purpose of review.
3. Under the twenty-fourth rule in chancery an application for rehearing must be made and notice of it served upon the adverse party within twenty days from the rising of the court which pronounced the decree, (in this case the Supreme Court).
4. The petition was dismissed on the ground that the error alleged was not an error; that nothing had been overlooked in the first decision.

PETITION for rehearing. Heard March Term, 1881. RED-FIELD, Chancellor, dismissed the petition. The original cause was heard at the General Term, 1880. This petition was signed by the petitioner, February 8, 1881, and the citation to the peti-

tion was signed by the Chancellor, February 10, 1881. In view of the decision of the court, the many questions raised by the pleadings are not important.

*P. Dillingham & Son* and *E. F. Palmer*, for the petitioner, cited on the question that a petition for a rehearing was the proper remedy, if there was apparent error, Story Eq. Pl. ss. 404, 421; Mitford Pl. (6th Ed.) 108; Cooper Pl. 93; 2 Maddock Ch. Pl. 484; 2 Dan. Ch. Pl. & Pr. (5th Ed.) 1577; *Perry* v. *Phillips*, 17 Ves. 478; 3 Vt. 151; 6 Vt. 179; *Slason* v. *Cannon*, 19 Vt. 221; 17 Wall. 417; 1 Tenn. Ch. 148, 452; 31 N. Y. Ch. 592, n.

*J. A. Wing* and *C. F. Clough*, for the defendant.

No appeal from the decision of the chancellor dismissing the petition. 1 Paige 256; 3 Eq. Dig. 432, 435; 2 Dan. Ch. Pl. & Pr. 1554; Adams Eq. 396; 18 How. 42; 6 Johns. Ch. 255. A chancellor cannot rehear a cause that has been heard in the Supreme Court. 2 Dan. Ch. Pl. & Pr. 1556; Story Eq. Pl. 335; 14 How. 25; 9 Wall. 604; Chit. Dig. 1843. The original cause was heard in November, 1880; the petition was served February 11, 1881; it was, therefore, too late by the rule. *French* v. *Chittenden*, 10 Vt. 127.

The opinion of the court was delivered by

VEAZEY, J. This is a petition for rehearing before a chancellor of a cause heard, determined and remanded by the Supreme Court, and now stands on appeal from the order of the chancellor dismissing the petition. The case presents an important question of practice, viz: whether such petition may be properly brought to the Court of Chancery after decision by the appellate court, for alleged error of that court.

In this State we look mainly to the English Chancery for authority on questions of chancery practice, wherein the same are not regulated by our statutes or rules of court. Neither the statutes or rules specifically provide for a rehearing of a cause other than by appeal or review, but both recognize this as a form of

remedy and make some provisions in respect to it. Rule 24 provides that the rehearing shall not be considered a matter of course in any case; and it has often been elsewhere held to rest in the discretion of the court, and that it is not a matter of right. *Daniel* v. *Mitchell*, 1 Story C. C. 198; *Dexter* v. *Arnold*, 5 Mason, 303; 2 Daniel Ch. Pl. & Pr. 1554. In the English Chancery, when a party felt himself aggrieved by a decree or order, there were three modes, according to Daniel Vol. 2, Ch. 31, by which he might have it reversed or altered, viz:—1. By a rehearing before the same or another judge of the court; 2. By appeal to the House of Lords; and 3. By a bill of review. Gray in his work entitled, "The Country Solicitor's Practice in the Court of Chancery," 204, makes a division into five modes of proceeding, but covering the same ground. These authors and others lay down the remedy by rehearing as distinct and definite; although many of the rules pertaining to this proceeding are the same as in case of appeal or bill of review. In addition to the appeal to the House of Lords, there could first be an appeal from the Master of the Rolls or the Vice Chancellor to the Chancellor, but this, though not called a rehearing was in principle that, it being a hearing by another judge of the same court upon the same facts as were in the record at the first hearing, whether they were all there used or not. The appeal to the Lords differed from a rehearing in that it was heard by another court. The House of Lords was the appellate court of the Court of Chancery, as our Supreme Court is the appellate court of the Court of Chancery. A bill of review was resorted to, not only where the error was apparent on the face of the decree, but when new facts were discovered after the decree or too late for use when the decree was made. If discovered before enrollment of the decree, a supplemental bill in the nature of a bill of review applied; if after enrollment, a bill of review was the proper remedy. The proper office or function of a proceeding denominated a rehearing was to correct apparent error; as where some plain omission or mistake has been made, or where something material to the decree is brought to the notice of the court which had been before overlooked. *Jenkins* v. *Eldridge*, 3 Story C. C. 299. Although a

petition for rehearing is in certain sense an application for re-argument, yet it would not be tolerated simply to obtain a reargument and reversal of a cause once heard and decided by the Supreme Court, because it is well settled that even that court will not revise a former decision made by it in the same cause upon substantially the same state of facts. *Stacy* v. *R. R. Co.*, 32 Vt. 551. As an appellate court of the Court of Chancery it makes such orders " as justice requires," and remands the cause to the Court of Chancery, where such proceedings may be had as are necessary to carry its orders into effect. Sec. 774, R. L. It does not make the final decree, but issues a mandate to the Court of Chancery in respect to it. It is not denominated a Court of Chancery, but is an appellate court from the final decrees, and those only, of the Court of Chancery. *Slason* v. *Cannon*, 19 Vt. 219. In the English Chancery there was no *positive* restriction in regard to the number of rehearings allowable before the appeal ; but as a general, though not inflexible, rule, a second rehearing was not permitted after a cause had been heard before the appellate tribunal, without leave of that tribunal upon a special application for that purpose. 2 Daniel, ch. 31, 1554-5, Am. Ed. and cases cited in notes. There was evident propriety in this rule ; because where it appeared there was apparent error upon the face of the decree the aggrieved party had a remedy, after enrollment of the decree, by a bill of review. But our statute has limited bills of review, in cases which have been determined by the Supreme Court on appeal, to causes which originated after, or were unknown to the party before, the determination of the Court of Chancery from which the appeal was taken. Sec. 777, R. L. Probably the Supreme Court would hear a motion to correct apparent error, if made at the term and before the cause was remanded ; but this ordinarily would not be a very practicable remedy ; because decisions are not rendered until the end of the term, or in vacation as of the term.

In view of this and of the fact that a bill of review is not generally available, under the restrictions of our statute, to correct errors appropriate for correction upon rehearing, we think it would be more consonant to the liberal spirit pervading the practice in the English

Chancery to guard against apparent error, to hold that a chancellor might rehear a cause remanded from the appellate court, when based upon proper grounds and seasonably filed and certified as our rules require. The "proper grounds" have already been somewhat indicated. They should be limited to substantial errors apparent or manifest from the papers and pleadings, errors plainly resulting from inadvertence, or oversight of an uncontroverted or settled fact, errors or mistakes such as it is evident the Supreme Court would correct upon suggestion before the cause was remanded. In a cause remanded this remedy is in no sense applicable for the purpose of review. Every consideration demands that a *decision* of the Supreme Court should be final, and especially that it should not be changed by a single judge as chancellor. But error, inadvertence, mistakes happening in the manner above indicated, is not "decision." Beyond the above limitation we think a chancellor has no right to rehear a cause remanded. Within that limitation he may in his discretion grant a rehearing. In *French* v. *Chittenden*, 10 Vt. 127, it was held under the then seventeenth, now the twenty-fourth, rule in chancery, that an application for rehearing must be made and notice of it served upon the adverse party within twenty days from the rising of the court which pronounced the decree. Under this authority this application was not seasonably filed. But a more satisfactory ground for dismissing the petition is, that the alleged error in the former decision was not an error. The ground now urged for a reversal was then considered, and the decision as announced was deliberately made and nothing now suggested was then overlooked.

The order of dismissal affirmed.