BERTHA M. CLARK AND ANOTHER v. L. P. CLARK'S ADM'R.

ELLA F. CLARK v. SAME.

*Assumpsit. Use and Occupation of Real Estate.* R. L. s. 2137.

1. An action of assumpsit cannot be sustained for use and occupation of real estate, unless the relation of landlord and tenant exists under a contract express or implied; and a contract will not be implied when neither party expected payment of rent; thus, when an executor during the settlement of an estate allowed the father of the devisees to occupy lands bequeathed to them, neither party expecting payment, they living with their father, but never having had possession nor the right of possession, it was held that assumpsit would not lie ' against their father's estate for the use, and that nothing could be recovered, although the case was tried under a reference.
2. The relation of parent and child tends rather to rebut than to raise the implication of a contract for rent.

ASSUMPSIT for use and occupation. Heard on a referee's report, June Term, 1885, VEAZEY, J., presiding. Judgment *pro forma* for the plaintiffs.

The referee found that the plaintiffs, unmarried young ladies, are the children of L. P. Clark, who died July 12, 1882; that one Wilkins, who deceased in July, 1876, bequeathed the use of certain lands to the plaintiffs, another sister, and their mother, Frances Clark; that these lands consisted of two farms, on one of which the said Wilkins, at the time of his death, said L. P. Clark, his wife, and daughters, lived together as one family; that said Clark and his family continued to live on the farm until his death; that he had the control of both farms, and appropri-

ated the income thereof to himself; that the executor left Clark in the "undisturbed possession" of both farms, and in his settlement of his accounts, in 1883, with the Probate Court, did not account for the rents and profits of said farms; that the amount of debts proved against the estate of Wilkins was $4,540.24, including about $1,700, for which he was liable only as surety of said L. P. Clark.

The said $1,700 having been adjusted in some way, so as to release the estate of said Wilkins, on March 2, 1883, the Probate Court decreed said real estate among the devisees named in the will. In 1877 the executor sold some of said lands, and from the avails of these and the personal property received enough to pay the personal debts of said Wilkins; and the plaintiffs claimed that, as their father received the use of the lands for about five years after the personal debts had been provided for, his estate was liable. It was found that the farm was much improved under Clark's management; that the use of the farm, above improvements and taxes, was $100 per year; that one of the plaintiffs was generally at home, assisting her parents, and the other taught school, boarding at home for the most part of the time; and that the girls fully earned what they received from their father in the way of support.


*E. R. Hard*, for the defendant.

To maintain an action for use and occupation, a contract express or implied must be proved. 6 Wait Act. & Def. 229; Tayl. Land. & T. ss. 25, 636; *Stacy* v. *Vt. Cent. R. R. Co.* 32 Vt. 551; *Chamberlin* v. *Donahue*, 44 Vt. 57; *Watson* v. *Brainard*, 33 Vt. 88; *Moore* v. *Harvey*, 50 Vt. 297.

Until the settlement of his account the executor of Wilkins's will was entitled to the possession and the income of the land devised to the plaintiffs. R. L. s. 2137; *Roberts* v. *Morgan*, 30 Vt. 319; *Tryon* v. *Tryon*, 16 Vt. 313; *Boardman* v. *Bartlett*, 6 Vt. 631.

Clark *v.* Clark.

*Lyman E. Knapp* and *F. E. Woodbridge,* for the plaintiffs.

The real estate vested in the devisees on the death of the testator. *Casey* v. *Casey,* 55 Vt. 518; *Austin* v. *Bailey,* 37 Vt. 219; *Stockwell* v. *Sargent,* 37 Vt. 16.

It must be inferred from the facts that the defendant's intestate held the premises by the plaintiffs' permission. *Stockett* v. *Watkins,* 20 Am. Dec. 443.

There is an implied obligation to pay where money or property is received. *Paddock* v. *Kittredge,* 31 Vt. 378; *Ives* v. *Hulet,* 12 Vt. 314.

Assumpsit for use and occupation lies for an implied lease. *Sutton* v. *Mandeville,* 4 Am. Dec. 549; *Gunn* v. *Scovil,* Id. 208.

The father, as guardian by nature, has no right to receive the rents and profits of his child's lands. *Jackson* v. *Combs,* 7 Cow. 36; 5 Wait Act. & Def. 47; 9 U. S. Dig. 701, 712; *Oakes* v. *Oakes,* 16 Ill. 106.

Defects of pleading were waived by the reference. *Bachop* v. *Hill,* 54 Vt. 509.

The opinion of the court was delivered by

Ross, J.   These are actions of assumpsit to recover for the use and occupation of real estate.   The facts on which, in our judgment, the cases turn, are alike.   It is, therefore, needless to allude to the questions presented by the facts in which they differ.   It is well settled that to lay the foundation for a recovery in assumpsit for use and occupation of real estate, the relation of landlord and tenant must exist under a contract, expressed or implied.   *Stacy* v. *Vt. Cent. R. R. Co.* 32 Vt. 551; *Watson* v. *Brainard et al.* 33 Vt. 88; *Chamberlin* v. *Donahue,* 44 Vt. 57; *Moore* v. *Harvey,* 50 Vt. 297; Tayl. Land. & T. ss. 25, 636, and *note; Hough* v. *Birge,* 11 Vt. 190; *Strong* v. *Garfield,* 10 Vt. 502; *Birch* v. *Wright,* 1 T. R. 378.   While in *Watson* v. *Brainard* it is said that in certain cases a contract will be implied from slight circumstances, the general holding in all the decisions is, that when

the facts and circumstances are such as to rebut the expectation on the part of both parties of the payment of rent, the court will not imply a contract or promise to pay such rent. Thus a contract to purchase and occupation under it, *Hough* v. *Birge, supra;* a contract or other fact inconsistent with the relation of landlord and tenant, *Stacy* v. *Vt. Cent. R. R. Co. supra;* a suit and judgment in ejectment, *Strong* v. *Garfield, supra;* occupation in the right of the wife and refusal to acknowledge the owner as landlord, *Chamberlin* v. *Donahue, supra;* occupation when the plaintiff denies the existence of any contract for the use of the premises, *Moore* v. *Harvey, supra,*—have each been held not to raise but to rebut the implication of a tenancy, or the right to recover rent.

The referee has found that no express contract existed between the respective plaintiffs and the intestate in reference to his use and occupation of the premises, and he is "unable to find that either party expected any payment of rent" for the occupation by the intestate. We think this finding, especially in connection with the other facts found, in reference to the intestate's occupation of the respective premises, does not raise, but rebuts, the implication of the relation of landlord and tenant and a contract to pay rent. By the terms of the bequests, by which the plaintiffs acquired the right to the use of the premises, the profits arising from the use of the real estate, annually, were to be used by the testator's executor to pay the balance of his indebtedness that should not be paid from the avails of his personal estate. Until the testator's debts were paid the executor was entitled to the rents. Such debts were not all paid until after the time for which the recovery of rent is claimed. The debts which the testator incurred as surety for the intestate, Clark, were proved against testator's estate, and were debts between the testator and the creditors which belonged to the testator to pay. The payment of these debts was as much charged by the testator, upon the use of the

real estate bequeathed, as was the payment of the testator's individual debts. There is no fact found that tends to show that the executor surrendered the possession of the lands devised to the devisees, these plaintiffs, at any time before he settled his administration account. Under these facts, sec. 2137 R. L. would seem to be conclusive, that the plaintiffs, until the decree of the Probate Court, had no right to the possession of the premises for which they now respectively seek to recover rent. That section reads: " When an executor or administrator is appointed and assumes the trust, no action of ejectment, or other action, to recover the seizin or possession of lands, or for damages done to such lands, shall be maintained by an heir or devisee, until there is a decree of the Probate Court assigning such lands to such heir or devisee, or the time allowed for paying debts has expired, unless the executor or administrator surrenders the possession to the heir or devisee." During the time for which the plaintiffs seek to recover rent there was an executor in the active administration of the estate of the testator charged by the will with the duty to use the rents and profits accruing from the land for the payment of his debts above what might be paid by his personal property; there were debts above what were paid from the personal property remaining unpaid, and nothing to show that the time allowed by the Probate Court for their payment had expired; and there had been no surrender of the possession of the devised lands by the executor to the devisees. The plaintiffs could not, therefore, during the time for which they claim to recover rent, have recovered the possession of the devised lands. The plaintiffs, during that time, were never in possession of the devised lands. It follows, logically, that not being at any time in possession, nor, by the terms of the will, entitled to possession, nor having the right to recover possession, they cannot during said interval recover rent for the use of said devised lands. The relations which existed between the plaintiffs and the

intestate Clark, that of father and children, all residing harmoniously together on the premises as a family, without any accounts being kept or charges made either for support, board, or services, and without anything being said between them in regard to the use of said premises, and the manner in which the intestate used and carried on said devised lands, improving the land, building and repairing the buildings, also tend to rebut any implication of the relation of landlord and tenant, or of the payment of rent. Whether a child could recover for the use of his real estate occupied by a parent without an express contract, or circumstances which in law amount to a contract, we have no occasion to consider or decide. We only say that the existence of that relation tends rather to rebut than to raise the implication of a contract for rent.

While between the plaintiffs and the intestate, in the way the executor of Wilkins's estate settled his account with the Probate Court, without requiring the intestate to account for the use of the devised premises for nearly five years, it appears equitable that the plaintiffs should be compensated in some way from their father's estate, for such use as has been beneficial to his estate, we are clear that on well settled principles they, on the facts found, cannot recover for the use of the devised lands, before they were legally entitled to the possession of such lands. What might have been their rights against the executor on the settlement of his administration account we have no occasion to consider.

The result is that the *pro forma* judgment of the County Court for the plaintiff, in each case, is reversed and judgment rendered for the defendant to recover his costs.

Judgment to be certified to the Probate Court.