E. G. BLAKE v. E. L. PRESTON.

MAY TERM, 1895.

*Landlord and tenant. When relation will be implied.*

1. Assumpsit for use and occupation will not lie unless the rela-
    tion of landlord and tenant exists between the parties.
2. *Held*, that this relation did not exist upon the facts found.

Assumpsit. Plea, the general issue. Trial by court at
the February term, 1895, Orleans county, MUNSON, J., pre-
siding. Upon the facts found the court gave judgment for
the defendant. The plaintiff excepts.

The plaintiff claimed to recover for the use and occupation
of a certain room. The house in which this room was be-
longed to the defendant and had been leased by her to the

plaintiff. Previously to the possession of the plaintiff under the lease the defendant and her husband had kept house there. When they moved out the husband of the defendant said to the plaintiff that he would like to store a portion of his goods there until the house in which he was to live should be completed, and the plaintiff replied that they might be left there as well as not. The husband did accordingly store a part of his household goods in one of the rooms. Subsequently the husband removed a portion of these goods and the rest were put into a closet. After this the defendant came to the house, looked at the goods and locked up the closet. Thereupon the plaintiff told her that he must have the room. She replied that he could not have it, and he then notified her that so long as she retained possession she must pay rent at the rate of two and a half dollars per month. At a later date he notified her that she must pay five dollars per month.

The defendant did not own and had no interest in the goods. She never promised to pay rent, and claimed the right to occupy the room in virtue of the arrangement made with her husband.

*Cook & Redmond* for the plaintiff.

By continuing to hold the premises after notice that she must pay rent the defendant became liable. *Thompson* v. *Sanborn*, 52 Mich. 141; *Chamberlin* v. *Donahue*, 44 Vt. 57; *Griffith* v. *Knisely*, 75 Ill. 361; Taylor's Land. & Ten., s. 19 (8th Ed.).

The law will imply a promise from the circumstances. *Ives* v. *Hulett*, 12 Vt. 314; *Paddock* v. *Kittredge*, 31 Vt. 378.

*Dickerman & Young* for the defendant.

In order to support an action of assumpsit there must be some promise by the defendant to the plaintiff, express or implied. *Moore* v. *Harvey*, 50 Vt. 297; *Stacey* v. *Ver-*

*mont Cent. Rd. Co.*, 32 Vt. 551; *Watson* v. *Brainerd et al.*, 33 Vt. 88; *Chamberlin* v. *Donahue*, 44 Vt. 59; Taylor, Land. & Ten., ss. 636, 637; *Hoffar* v. *Dement*, 5 Gill 132; 46 Am. Dec. 628; *Bancroft* v. *Wardwell*, 13 John. 489; 7 Am. Dec. 396.

By locking the door the defendant may have committed a trespass, but she did not promise to pay. *Turnpike Co.* v. *Smith*, 12 Vt. 212; *Peach* v. *Mills*, 14 Vt. 371; *Scott* v. *Lance*, 21 Vt. 507; *Stearns* v. *Dillingham*, 22 Vt. 625; *Winchell* v. *Noyes*, 23 Vt. 303; *Drury* v. *Douglass*, 35 Vt. 474; *Kidney* v. *Persons*, 41 Vt. 386; *Saville, Somes & Co.* v. *Welch*, 58 Vt. 683.

TYLER, J.  To maintain the action of assumpsit for use and occupation, the relation of landlord and tenant must have existed between the parties, evidenced either by an express or implied contract creating that relation.  The law will imply this relation from the fact of the occupancy of the premises with the consent of the owner; but this implication may be rebutted by proof of a contract, or of any other fact that is inconsistent with the existence of that relation.  *Stacey* v. *Vt. Cen. R. Co.*, 32 Vt. 551; *Chamberlin* v. *Donahue*, 44 Vt. 57; *Moore* v. *Harvey*, 50 Vt. 297.

This relation was not created between the plaintiff and the defendant or her husband when the goods were placed in the room.  The plaintiff gave his permission that they might remain there until the defendant's house was completed.  But the plaintiff claims that this relation commenced the following May, from the finding that he then told the defendant that he must have the room; that she replied that he could not have it, and that the plaintiff then told her she would have to pay two and a half dollars a month for it.  As the defendant did not engage the room, nor own the goods, nor cause them to be placed in the room, a tenancy by implication was not created, although she had visited the closet to which the plain-

tiff and her husband had moved the goods and had locked the door of the room when she left.    The same is true in respect to the conversation between the parties in September.·    Had these conversations occurred between the plaintiff and the defendant's husband, who owned the goods, and who made the two agreements for their storage, a case would have been presented like that of *Amsden* v. *Blaisdell*, 60 Vt. 386, upon which the plaintiff relies.    In each interview with the defendant she repudiated a tenancy and asserted a right (evidently from the agreements made between her husband and the plaintiff) to have the goods remain in the room.

*Judgment affirmed.*