THE ATCHISON, TOPEKA & SANTA FE RAILROAD COM-
PANY v. THOMAS McFARLAND, *Administrator of the
Estate of Oden Toyne, deceased.*

**No. 506.*   (59 Pac. 665.)**

PRACTICE—*Courts of Appeals—Former Decision in Same Case.*
When a case has been decided by this court and afterward comes
here again by appeal or petition in error, the points of law already
adjudicated become the law of the case.

Error from Douglas district court; A. W. BENSON,
judge.  Opinion filed January 4, 1900.   Reversed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plain-
tiff in error.

*J. E. Riggs,* and *W. W. Nevison,* for defendant in er-
ror.

The opinion of the court was delivered by

WELLS, J.:   This case has previously been before
this court and was reversed upon substantially the same
pleadings, evidence, findings and judgment as in the
record before us (*A. T. & S. F. Rld. Co. v. McFarland,*
2 Kan. App. 662, 43 Pac. 788) ; and the only question
we think it necessary to consider herein is as to the
effect of a decision of this court.   In overruling a de-
murrer to the evidence, the trial judge concluded in
this language :

"In arriving at this conclusion, I am profoundly
sensible of the fact that it is going contrary to the de-
cision, the very plain decision, of the court of appeals.
Language could not be written plainer than Judge
Garver has written here ; but in view of the fact that
the court of appeals is not the court of last resort, I
am constrained to exercise my own judgment in the

* Petition for order to certify denied by supreme court February
5, 1900.—REP.

matter. I know the responsibility is a serious one, and I would be glad to be relieved from it; but it is here and I must take it. The demurrer is now overruled."

The question seems to be, Does the decision of the court of appeals rendered in a case duly brought here from the district court on a petition in error settle the law of that case on the points decided so as to bind the district court upon a second trial of the same case on the same issues?

The district judge argued that because it was possible that the case could be taken to the supreme court, and that court might decide differently from this court, therefore the decision of this court was not binding. We do not so understand the law. Section 12 of the act creating this court reads as follows:

"Orders, judgments and decisions made and rendered by such courts of appeals in cases pending therein shall have the same force and effect as if made by the supreme court, and its mandate to any inferior court shall be obeyed in like manner as mandates from the supreme court, and shall be final, except as herein otherwise provided. Its process shall· be executed by sheriffs and other officers in like manner as the process of other courts of record."

In *Headley v. Challiss*, 15 Kan. 602, it was held :

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of reexamination."

The reasons of this rule are well explained in a decision of the supreme court of Vermont (*Stacy v. Vermont Cent. R. Co.*, 32 Vt. 552), as follows:

"The question is, will this court revise a former decision made by the same court in the same cause and on substantially the same state of facts? Such a

Railroad Co. v. McFarland.

decision presses itself upon the consideration of the court with a twofold force ; first, as an authority, as though it was a decision made in any other case ; second, as an adjudication between the parties ; not as one that is conclusive as a matter of law, for the court may revise and reverse it, but as an adjudication that practically is to be regarded as having much the same effect.   The rule has been long established in this state, often declared from the bench, and we believe uniformly adhered to, that in the same cause this court will not reverse or revise their former decision.   It is urged, and there is force in the argument, that if there is error in the decision, and it is ever to be reversed, it should be done in the same court.   Although this position may be sound in theory, as applicable to a single case, yet as a rule to be acted upon in all cases it would lead to incalculable mischief.   If all questions that have ever been determined in this court are to be regarded as still open for discussion and revision in the same cause, there would be no end of their litigation until the ability of the parties or the ingenuity of their counsel were exhausted.   A rule that has been so long established and acted upon, and that is so important to the practical administration of justice in our courts, we think should not be departed from.   And whatever views the different members of this court may entertain as to the soundness of the former decision, we all agree that the doctrine there enunciated is to be regarded as the law of this case.''

The judgment of the district court is reversed, and judgment directed in favor of the defendant, the plaintiff in error.

McELROY, J., concurring.


MAHAN, P. J. (dissenting) : I cannot concur in the judgment of the court in this case.   Assuming, as it has been assumed by counsel on both sides of the case, that the facts disclosed by this record are the same as those contained in the record when the case

Railroad Co. v. McFarland.

was here before, I am clearly of the opinion that it was a question to be submitted to the jury as to whether the child, Odin Toyne, came to its death by the negligence of the defendant's employees. This court in its former opinion misconstrued the facts, and even went so far as to determine the question of negligence upon the facts, where, as I say, it was a question for the jury, and the jury alone. The court in that opinion assumes that the evidence establishes the fact that the children were not within view of the engineer or fireman, but were concealed by a cattle-guard beside the track, and were not upon the track at the time the engine struck them. To reach this conclusion it was necessary to ignore natural laws — the laws of gravitation. As a matter of fact, it was impossible in my judgment that the child could have been thrown in the direction, and to the height, and to the distance that he was thrown by coming in contact with any part of the side of the train as low as the steps of the car. Contact with any other part of the engine than that of the cow-catcher could not have accomplished the result that was accomplished. Nor does it seem to me possible that the fragments of the toy wagon, which the children were drawing, could have been found in the situation in which they were found unless it had been caught by the cow-catcher of the engine. Upon the record before us the facts are entirely different from those assumed in the former opinion, and we ought not to be bound by it. Two juries, under fair, clear instructions of the court, have found the same verdict in effect, and in my judgment the evidence warranted this finding upon the part of the last jury, and the judgment ought to have been affirmed, notwithstanding the former decision of this court.