### In re MILLER.

### In re ADAMS.

#### (District Court, D. Vermont. September 12, 1904.)

1. BANKRUPTCY—PROVABLE DEBTS—IMPLIED AGREEMENT TO PAY RENT.
  A bankrupt for several years occupied premises which were owned by him and his wife's father in common. The latter afterward deeded to the bankrupt, who subsequently conveyed the property to claimant, who was his wife's mother. There did not appear to have been any actual consideration for the conveyances, or any intention to change the bankrupt's actual relation to the property. *Held*, that there was no implied promise on his part to pay rent which would support a claim therefor against his estate.

In Bankruptcy. On review of referee's decision with respect to claim of Abbie L. Adams.

Emmet McFeeters, for claimant.

Max L. Powell, for trustee.

WHEELER, District Judge. From the facts found and reported by the referee, the bankrupt and his wife's father appear to have owned land together, upon which the father erected a building with a store below, which was occupied by them as partners in the clothing business, and a dwelling above, which was occupied by the bankrupt and his family. After several years the father deeded the property to the bankrupt, and he took the clothing business alone, and April 12, 1894,

he conveyed the premises to the claimant, his wife's mother, and he continued the business and his occupancy of the premises to the time of his bankruptcy, in 1903, without payment of, or any agreement for, rent. The claim is made by the mother for a reasonable rent since the conveyance to her, found to be $20 per month, as implied by law. The question is whether the law raises such a liability. When the father-in-law erected the building upon the common land of himself and the son-in-law, it became their common property, with the cost of it to be adjusted between them. The occupancy by the bankrupt of more than his share would have to be accounted for in the same way. Hayden v. Merrill, 44 Vt. 336, 8 Am. Rep. 372. There would be no relation of landlord and tenant, but only of tenants in common, between them. The conveyances do not appear to have been made upon any actual consideration, or any agreement to change the relation of the son-in-law to the property, but only to change the legal title to the mother-in-law. The occupancy of the bankrupt was left to be that of a tenant in common as it was before, from which no implication of the relation of landlord and tenant or liability to pay rent would arise. An express agreement for that purpose would be necessary. Chamberlin v. Donahue, 44 Vt. 57.

Claim disallowed.